**Jerome POWELL, Petitioner—
Appellant,**

v.

**Joseph D. LEHMAN, Respondent—
Appellee.**

No. 05–35532.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 5, 2006.

Filed April 24, 2006.

ka, sitting by designation.

Suzanne Lee Elliott, Esq., Law Offices of Suzanne Lee Elliott, Seattle, WA, for Petitioner—Appellant.

John J. Samson, Esq., AGWA—Office of the Washington Attorney General, Criminal Justice Division, Olympia, WA, for Respondent—Appellee.

Before: CANBY, GOULD, and BEA, Circuit Judges.

### MEMORANDUM *

Defendant Jerome Powell, a prisoner of the State of Washington, appeals the district court's denial of his federal habeas petition. Powell was convicted in 1982 in state court of murder in the first degree.[1] Because we conclude that none of Powell's claims presents reversible error, we affirm the district court's denial of the habeas petition.

Under the Anti–Terrorism and Effective Death Penalty Act (AEDPA), Powell is not eligible for habeas relief unless the decision of the state appellate court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). For his claims of ineffective assistance of counsel, Powell must show that his counsel's performance was deficient and "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Powell must also show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.; see also id.* at 697, 104 S.Ct. 2052 (noting that "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies").

We must reject all of Powell's claims on appeal in light of the restrictive AEDPA standard that limits circumstances by which a state prisoner may gain relief in a federal habeas petition. First, Powell did not receive ineffective assistance from trial counsel's failure to object to the shackling of Powell during trial.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Because the facts are familiar to the parties, we do not recite them here except as necessary to clarify our decision.

"The law has long forbidden routine use of visible shackles during the guilt phase; it permits a State to shackle a criminal defendant only in the presence of a special need." *Deck v. Missouri*, 544 U.S. 622, 125 S.Ct. 2007, 2010, 161 L.Ed.2d 953 (2005). Despite the risk of jury prejudice and other possible difficulties to the defendant, the Supreme Court has accepted that "[t]here will be cases, of course, where these perils of shackling are unavoidable." *Id.* at 2014 ("We do not underestimate the need to restrain dangerous defendants to prevent courtroom attacks, or the need to give trial courts latitude in making individualized security determinations.").

The state appellate court did not apply *Strickland* unreasonably when it determined that Powell's trial counsel was not deficient in consenting to shackling in the face of specific evidence of danger to the courtroom processes. The state appellate court could reasonably conclude that Powell's state court trial counsel could not have raised a meritorious legal objection to shackling, in light of the specific information that an escape attempt was planned to free Powell during his trial. Moreover, the state trial judge took precautions to minimize or eliminate any jury prejudice by hiding the fact that Powell was shackled. To the extent the state trial court did not state the relevant facts on the record, an objection by trial counsel in all probability would have resulted in the trial court curing any defect with appropriate findings on the record, and Powell has not shown prejudice from the lack of findings more formal than the trial court's recital that there was a need for shackling.

■ Second, Powell contends that he received ineffective assistance from improper vouching during the prosecution's closing argument. We "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S.

at 689, 104 S.Ct. 2052. Trial counsel may properly decide to "refrain from objecting during closing argument to all but the most egregious misstatements by opposing counsel on the theory that the jury may construe their objections to be a sign of desperation or hyper-technicality." *United States v. Molina,* 934 F.2d 1440, 1448 (9th Cir.1991). The prosecutor's comments about the witnesses' credibility were not egregious, did not rely on inadmissible evidence, and paralleled similar statements that were subsequently made in defense counsel's closing argument. We conclude that trial counsel's inactions in not objecting to prosecutor's closing argument were not deficient and that any improper comments by the prosecutor in argument did not undermine confidence in the trial's outcome.

■ Third, Powell did not receive ineffective assistance from trial counsel's failure to investigate the route to the murder scene. The proposed testimony of the time necessary to drive the route was cumulative and was derived from testimony offered by the prosecution. The failure to investigate was not objectively unreasonable, and did not undermine confidence in the outcome of the trial.

■ Fourth, Powell did not receive ineffective assistance of trial counsel from the failure of state trial counsel to investigate two potential witnesses. Judy McDonald was not present at the critical periods of the crime and could not provide helpful exculpatory testimony. Jessie Beard's proposed testimony was highly inconsistent with Powell's testimony at trial. In the light of the marginal probative or corroborative value of this evidence, the failure to investigate or offer the witnesses' testimony did not undermine confidence in the outcome of the trial and therefore was not prejudicial.

714

Finally, Powell has not sufficiently alleged prejudice from his appellate counsel's failure to raise additional issues on appeal. Even if the appellate counsel did not order the entire trial transcript, Powell did not completely forfeit his right to appeal and so must show that he was prejudiced by the alleged deficiency. *See Roe v. Flores-Ortega,* 528 U.S. 470, 484, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000) (presuming prejudice only when "counsel's deficient performance actually cause[d] the forfeiture of the defendant's appeal"). A claim of ineffective assistance of counsel on direct appeal would have been unlikely to result in reversal based only on the trial record. *See State v. McFarland,* 127 Wash.2d 322, 338, 899 P.2d 1251, 1258 (Wash.1995). Powell's state trial counsel did not make a timely objection on the record to the other trial errors asserted in the briefing, which were improper shackling, prohibition of cross-examination, and prosecutorial misconduct, and these asserted errors would not have likely resulted in reversal under plain error review. Powell contends that there was prejudice because the plain error review in state court would have been more lenient than the AEDPA standard in this habeas case. We reject that argument. To demonstrate prejudice from ineffective assistance of state appellate counsel, Powell must assert a claim that would have likely resulted in a reversal in the state appellate court under the plain error standard of review. Because he has not done so, the state appellate court could reasonably conclude that there was no prejudice under *Strickland.* The district court correctly held that the state appellate court did not unreasonably apply precedent of the United States Supreme Court within the meaning of AEDPA.

**AFFIRMED**